IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FREDRICK ROLLE, :
:
    Petitioner :
: CIVIL NO. 1:10-CV-1383
:
v. : Hon. John E. Jones III
:
:
WILLIAM SCISM, :
:
    Respondent :

## **MEMORANDUM**

August 16, 2010

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On July 6, 2010, Petitioner Fredrick Rolle ("Petitioner" or "Rolle"), an inmate presently confined at the Low Security Correctional Institution at Allenwood ("LSCI Allenwood"), in White Deer, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1.) He simultaneously filed an Application for leave to proceed *in forma pauperis*. (Doc. 2.)

Because the grounds for relief in the Petition were unclear, in a Memorandum and Order dated July 29, 2010, we directed Rolle to file an amended petition within fourteen (14) days. (Doc. 3.) Rolle filed his Amended Petition on August 11, 2010.

(Doc. 4.)  He also filed a Motion for leave to proceed *in forma pauperis* (Doc. 5), which will be denied as moot in light of the fact that he already has made his request to proceed *in forma pauperis*.

For the reasons set forth below, Rolle's request for *in forma pauperis* status will be granted for the sole purpose of filing this action, and the Amended Petition will be dismissed for lack of jurisdiction.

**DISCUSSION**

In his Amended Petition, Rolle states that, on August 7, 2006, he was sentenced in the United States District Court for the Western District of New York to a term of imprisonment of 150 months to be followed by a five (5) year term of supervised release.  (Doc. 4 at 2.)  He was sentenced following his entry of a guilty plea for Conspiracy to Distribute Narcotics.  (*Id.*)  He states that his conviction was affirmed by the Second Circuit Court of Appeals.  (*Id.* at 3.)  In addition, he states that on January 17, 2006, he filed a motion with the sentencing court under the provisions of 28 U.S.C. § 2255.  (*Id.* at 5 ¶ 12.)  In the section of the form petition asking Rolle to provide the disposition of that motion, he writes, "final Judgement made in fraud August 7, 2006 fraud and collusion hate crime by classifying and enslaving poor due process of law violation, stealing Constitutional rights."  (*Id.*)

Rolle also states that he has filed administrative remedies and an administrative

tort claim. (*Id.* at 3 ¶ 8(c).) A review of the responses to Rolle's administrative remedies attached to the Amended Petition shows that Rolle has attempted to challenge the basis for his detention by alleging that the Federal Bureau of Prisons ("BOP") lacks authority to hold him in custody. (*See id.* at 18, 21.) The response to Rolle's administrative tort claim, dated November 10, 2009, indicates that his one billion dollar claim for events which he claimed to have occurred on the date of his arrest, April 20, 2005, was rejected as untimely under the provisions of 28 U.S.C. § 2401(b). (*See id.* at 9, 11.)

Rolle's statement of his grounds for relief is not much more coherent than the statement in his original Petition. He still fails to provide a clear statement of specific facts to adequately explain his grounds. However, we have gleaned from his Amended Petition that Rolle seeks to challenge the fact of his confinement on the basis that he allegedly is being held on a secret hate crime charge for which he never was charged by a grand jury. (*Id.* at 3 ¶ 9.) He claims that he is actually innocent "of the crime and the sentence." (*Id.*) He also claims to be a victim of "warden witness tampering hate crimes illegal detention." (*Id.*) In addition, Rolle claims that, even though he asked for an attorney at the time of his arrest on April 20, 2005, he never

received one.¹ (*Id.*)

Rolle alleges that there was a final judgment made in fraud and collusion, and he asks for his immediate release. (*Id.* at 4.) Although he states that a motion filed under the provisions of 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention, he fails to explain why. (*Id.*) The remainder of his statement of grounds consists of a reiteration of the points he already made. (*Id.*)

It is apparent that Rolle seeks to challenge his conviction and sentence, including the validity of the charges to which he pled guilty, an alleged right to denial of counsel, and the resulting sentence. He cannot pursue this challenge through a petition for writ of habeas corpus. The remedy for a federal criminal defendant claiming that his conviction and/or sentence was imposed in violation of the Constitution or laws of the United States is to file a motion with the court which imposed his sentence to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). A defendant can challenge a conviction or sentence under § 2241 only if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *see also Okereke*, 307 F.3d at 120; *In re*

---

¹Contrary to his claim that he never received an attorney, Rolle provides the name of the Assistant Public Defender who represented him in his proceedings in the United States District Court for the Western District of New York. (Doc. 1 at 7 ¶ 17.)

*Dorsainvil*, 119 F.3d at 251. Habeas corpus under § 2241 is "reserved for rare cases," and therefore, this "safety-valve" provision of § 2255 must be strictly construed. *In re Dorsainvil*, 119 F.3d at 250, 251.

Rolle's general statement that a § 2255 motion is inadequate or ineffective to pursue his challenge to his conviction and sentence is inadequate to allow him to proceed on the instant Amended Petition. The mere fact that relief was denied when he filed his § 2255 motion with the sentencing court, or that Rolle fails to meet the requirements to file a second or successive motion, does not make the remedy afforded by § 2255 inadequate or ineffective. *See Manna v. Schultz*, 591 F.3d 664, 665 (3d Cir. 2010). Moreover, while Rolle claims that he has filed administrative remedies with the BOP, and a petition for writ of mandamus with the Third Circuit Court of Appeals, he does not state that he has sought permission from the Second Circuit Court of Appeals to file a second or successive motion under § 2255 with the United States District Court for the Western District of New York.[2] Accordingly, we

---

[2]28 U.S.C. § 2255(h) provides as follows:

**(h)** A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeal to contain-

    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

must dismiss the instant Amended Petition for lack of jurisdiction. An appropriate Order will enter.